UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Christopher Kean,
    Plaintiff

    v.                                 Case No. 14-cv-428-SM
                                             Opinion No. 2015 DNH 069
City of Manchester;
Manchester Police Department;
Chief David J. Mara; and
Officer Kelly L. McKenney,
    Defendants

**O R D E R**

In September of 2012, a Manchester police officer noticed plaintiff, Christopher Kean, wearing an older style Manchester Police Department ("MPD") jacket, with an official department emblem attached. The officer informed Kean that he should not wear the jacket in public, as he might be confused with an actual Manchester police officer. The following day, Kean was again seen wearing the police jacket in public. He was arrested and charged with impersonating an officer, in violation of N.H. Revised Statutes Annotated ("RSA") 104:28-a. He was, however, subsequently acquitted of that charge.

Kean then filed this action against the arresting officer, Chief of Police David Mara, the Manchester Police Department, and the City of Manchester, seeking compensatory and punitive damages, as well as attorney's fees, for alleged violations of

his First and Fourth Amendment rights.  He also advances various state common law tort claims.  Finally, he seeks injunctive relief, in the form of an order compelling defendants to return his jacket.  Defendants move for judgment as a matter of law on several of Kean's claims.  See Fed. R. Civ. P. 12(c).  Kean objects.

For the reasons discussed, defendants' motion for judgment on the pleadings as to counts one, three, five, and eight of Kean's complaint is granted.

## Standard of Review

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is subject to the same standard of review applicable to a motion to dismiss under Rule 12(b)(6).  See Portuguesa-Santana v. Rekomdiv Int'l, Inc., 725 F.3d 17, 25 (1st Cir. 2013). Accordingly, the court must accept as true all well-pleaded facts in Kean's complaint and indulge all reasonable inferences in his favor.  See SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010). To survive defendants' motion, each count of the complaint must allege all of the essential elements of a viable cause of action and "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal

punctuation omitted).  Legal boilerplate and general conclusory
statements are insufficient to state a cognizable claim.  <u>See</u>
<u>Menard v. CSX Transp., Inc.</u>, 698 F.3d 40, 45 (1st Cir. 2012).

**Background**

According to Kean's complaint, he is an avid collector of
police memorabilia.  Knowing that, a former Manchester police
officer gave him an older MPD jacket - a style that Kean says the
MPD has not used since 1999.  The jacket does, however, bear an
official patch that is apparently still in use.  On September 4,
2012, Kean was wearing that jacket while walking to a convenience
store located a short distance from his home.  As he passed a
police substation, an officer approached him and informed him
that, while possessing the jacket was not a crime, he could not
wear it in public, as people might reasonably confuse him with an
actual police officer.  Upon returning home, Kean says he
contacted his lawyer, who opined that wearing the jacket in
public did not constitute a criminal offense.

The following day, Kean again wore the jacket on his trip to
the convenience store.  Officer Kelly McKenney approached Kean
and asked why he was still wearing the jacket despite having been
told by another officer that he should not wear it in public.
According to Kean, he "explained that he had a right to wear it."

Complaint at para. 18.  Officer McKenney disagreed, arrested
Kean, and he was charged with "false personation," (also known as
"impersonating a police officer") in violation of RSA 104:28-a.

According to Kean, the charges were dismissed in the
Manchester district court.  But, a Hillsborough County grand jury
returned an indictment charging Kean with a single count of
violating RSA 104:28-a.  The case was tried to the Hillsborough
County Superior Court, Northern Division.  At the close of the
County's case in chief, the court entered judgment of acquittal.
This civil suit followed.

In his ten-count complaint, Kean advances the following
federal and state law claims:

    Count 1    Retaliatory Prosecution, in violation of
                 the First Amendment

    Count 2    Retaliatory Arrest, in violation of the
                 First Amendment

    Count 3    Malicious Prosecution, in violation of
                 the Fourth Amendment

    Count 4    Unlawful Arrest, in violation of the
                 Fourth Amendment

    Count 5    Malicious Prosecution, in violation of
                 the Fourth Amendment

    Count 6    Municipal Liability for his Constitutional
                 Violations

    Count 7    False Imprisonment / Unlawful Arrest

Count 8    Malicious Prosecution (state common law)

Count 9    Claims of Vicarious Liability for State
           Tort Claims against the City of
           Manchester and the Chief of Police, in
           his official capacity; and

Count 10   Negligent Training and Supervision
           claims against the City of Manchester
           and the Chief of Police, in his official
           capacity.

Defendants move for judgment on the pleadings on counts 1, 3, 5,
and 8, asserting that Kean's various claims of retaliatory and
malicious prosecution fail to state viable causes of action.
They also say the complaint fails to contain sufficient factual
allegations to hold the Chief of Police liable in his individual
capacity on any of Kean's claims.


## Discussion

I.   <u>Retaliatory and Malicious Prosecution</u>.

     To prevail on either his claim for retaliatory prosecution
in violation of the First Amendment (count one), or his claims
for malicious prosecution in violation of the Fourth Amendment
(counts three and five), Kean must be able to demonstrate that
his prosecution was not supported by probable cause.  <u>See, e.g.</u>,
<u>Gericke v. Begin</u>, 753 F.3d 1, 6 (1st Cir. 2014) ("In a section
1983 claim of retaliatory prosecution for First Amendment
activity, a plaintiff must prove that her conduct was
constitutionally protected and was a 'substantial' or

'motivating' factor for the retaliatory decision and that there was <u>no probable cause for the criminal charge</u>.") (emphasis supplied; citations omitted); <u>Hernandez-Cuevas v. Taylor</u>, 723 F.3d 91, 100-01 (1st Cir. 2013) ("As to the elements of such a [Fourth Amendment malicious prosecution] claim, we join those four circuits that have adopted a purely constitutional approach, holding that a plaintiff may bring a suit under § 1983 (or <u>Bivens</u>) if he can establish that: the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process <u>unsupported by probable cause</u>, and (3) criminal proceedings terminated in plaintiff's favor.") (emphasis supplied) (footnote, citation, and internal punctuation omitted).  <u>See also</u> <u>Hartman v. Moore</u>, 547 U.S. 250, 265 (2006).

The same is true with respect to Kean's common law malicious prosecution claim (count eight).  <u>See, e.g.</u>, <u>Ojo v. Lorenzo</u>, 164 N.H. 717, 727 (2013) ("To prevail on a claim for malicious prosecution, a plaintiff must demonstrate that: (1) he was subjected to a criminal prosecution or civil proceeding instituted by the defendant; (2) <u>without probable cause</u>; (3) with malice; and (4) the prior action terminated in his favor.") (emphasis suppled; citations omitted).

6

The grand jury's indictment of Kean for impersonating an officer, in violation of RSA 104:28-a, establishes that there was probable cause to prosecute him for that crime (unless Kean were to allege one or more defendants improperly obtained the indictment, which he does not).  See, e.g., Ojo, 164 N.H. at 727 ("Courts are nearly uniform in holding that the return of an indictment defeats a claim for malicious prosecution unless the plaintiff alleges that the defendant engaged in impropriety when procuring the indictment."); Gonzalez Rucci v. I.N.S., 405 F.3d 45, 49 (1st Cir. 2005) ("Generally, a grand jury indictment definitively establishes probable cause . . . [unless] defendants wrongfully obtained the indictment by knowingly presenting false testimony to the grand jury.").

As noted above, Kean does not allege that any of the defendants acted improperly in securing the indictment.  He does, however, assert that the indictment is defective on its face and, therefore, cannot be relied upon to establish that his subsequent prosecution was supported by probable cause.  Specifically, he says the indictment is deficient because its factual allegations do not precisely mirror the elements of RSA 104:28-a.  The relevant statute provides that:

> Any person who knowingly and falsely assumes or
> exercises the functions, powers, duties, or privileges
> incident to the office of sheriff, deputy sheriff,

7

state police officer, police officer of any city or
town, or any other law enforcement officer or
investigator employed by any state, country or
political subdivision of a state or country, or who
wears or displays without authority any uniform, badge,
or other identification by which such sheriff, officer,
or investigator is lawfully identified, and <u>with the
intent to be recognized as such</u>, shall be guilty of a
class B felony.

RSA 104:28-a (emphasis supplied).  The indictment mirrored that

language and alleged:

[T]he GRAND JURORS FOR THE STATE OF NEW HAMPSHIRE, on
their oath, present that Christopher Kean, 573
Montgomery Street, Manchester, N.H. 03102, on or about
the Fifth day of September in the year 2012, at
Manchester in the County of Hillsborough aforesaid, did
commit the crime of Impersonating a Police Officer, in
that he did knowingly wear, without authority, a
uniform by which a Manchester Police Officer is
lawfully identified, <u>with intent to be recognized as
such</u>; specifically, Christopher Kean was wearing an
older Manchester Police jacket with the official agency
patch attached, after he had previously been warned by
Officer C. Biron not to wear the jacket in public as he
might be mistaken as a police officer, contrary to the
form of the Statute, in such case made and provided,
and against the peace and dignity of the State.

Indictment (document no. 6-3) (emphasis supplied).  Kean asserts

that because the factual narrative in the indictment "alleges no

facts relative to [his] intent to be recognized as a police

officer," it is "facially invalid."  Plaintiff's memorandum at 6

(document no. 7-1).  Consequently, says Kean, the indictment "is

not determinative as to the existence of probable cause for the

8

purpose of sustaining a malicious prosecution claim." Id. at 6-7.  The court disagrees.


The first sentence of the indictment precisely tracks the language of the relevant statute.  It alleges that Kean wore a uniform by which Manchester police officers are identified; he acted knowingly; he acted without authority; and, critically, he did so with the intent to be recognized as a Manchester police officer.  No more was necessary.  As the New Hampshire Supreme Court has noted:

> Under the Federal Constitution, an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.  It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.

State v. Euliano, 161 N.H. 601, 609 (2011) (citations and internal punctuation omitted).  See also State v. MacElman, 154 N.H. 304, 313 (2006) ("The test to determine the sufficiency of an indictment is whether it provides the defendant with enough information to adequately prepare her defense.  Once a crime has been identified with factual specificity, there is no additional requirement that the acts by which the defendant may have

9

committed the offense be identified.  The question is not whether
the indictment could have been more certain and comprehensive,
but whether it contains the elements of the offense and enough
facts to warn the defendant of the specific charges against
her.") (emphasis supplied; citations omitted).


     Because the indictment against Kean is valid and establishes
that there was probable cause to prosecute him for violating RSA
104:28-a, his state and federal claims for retaliatory and
malicious prosecution necessarily fail.


II.  Claims Against the Chief in his Individual Capacity.

     Kean's complaint does not clearly state which counts are
advanced against Police Chief Mara in his individual capacity.
Rather, it alleges, generally and somewhat confusingly, that:

          All tort claims against the individual defendants are
          brought against them in their individual capacities
          only.  All other claims are brought against the
          Defendants in their official capacities as necessary
          and appropriate.

Complaint at para. 11.  Nevertheless, a fair reading of the
complaint suggests that Kean is advancing two claims against

Police Chief Mara in his personal capacity: retaliatory prosecution (count one) and malicious prosecution (count three).[1]

Kean asserts that Chief Mara is personally liable because the criminal complaint form that was served upon Kean, charging him with impersonating an officer, was signed by a Manchester Police Officer "for Chief David Mara, Badge #1, Manchester PD." See Criminal Complaint (document no. 6-2).  Kean argues that the officer signed the complaint as the Chief's agent and, therefore, the Chief (as principal) can be held personally liable for his agent's wrongful conduct.  Defendants, on the other hand, say the complaint fails to allege sufficient facts to hold Chief Mara personally liable on any of Kean's claims.

All of those arguments are, however, moot.  Because Kean's retaliatory and malicious prosecution claims fail to state viable causes of action (for want of an essential element), his proffered theory that Chief Mara can be held personally liable for retaliatory or malicious prosecution as a principal need not be considered.

---

[1]     Kean acknowledges that counts nine (vicarious liability) and ten (negligent training and supervision) are brought against Chief Mara solely in his official capacity.  See Plaintiff's memorandum at 4, n.2.

## Conclusion

For the foregoing reasons, as well as those set forth in defendants' memoranda, defendants' motion for judgment on the pleadings as to Kean's claims for retaliatory and malicious prosecution (counts one, three, five, and eight) (document no. 6) is granted.  As a consequence, all remaining claims against Chief Mara are against him in his official capacity only.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 30, 2015

cc:  Stephen T. Martin, Esq.
     Robert J. Meagher, Esq.